UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ENTERPRISE RENT-A-CAR COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:03-CV-1480 CAS |
| | ) | |
| U-HAUL INTERNATIONAL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to file a fifth amended complaint and plaintiff's motion to strike defendants' fraud affirmative defenses in their answer to the fourth amended complaint or in the alternative a motion for a more definite statement. Defendants U-Haul International, Inc. and eMove, Inc. filed memoranda in opposition and plaintiff filed reply memoranda. For the following reasons, the Court will deny plaintiff's motions.

**I. Motion for Leave to File Fifth Amended Complaint**

Enterprise brought this action against defendants U-Haul International, Inc. and eMove, Inc. for trademark infringement and trademark dilution. At this time, Enterprise has filed five complaints in this action, including the original complaint and four amended complaints. Enterprise now seeks leave to file a fifth amended complaint to add a federal dilution claim and related trademark oppositions.

    **A. Standard**

Although leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a), the Court has discretion whether or not to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971). Factors to consider in determining whether leave to

amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998). Unless there is a good reason for denial, such as "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment," leave to amend should be granted. Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992). Delay in seeking to amend, alone, is an insufficient justification to deny leave. Prejudice to the nonmovant must also be shown. Bell, 160 F.3d at 455.

### B. Discussion

First, Enterprise seeks to add two new trademarks to its claims in Count V for declaratory judgment denying registration. Enterprise states that judicial economy will be served by allowing this Court to resolve all disputes regarding the eMove applications to the U.S. Patent and Trademark Office ("PTO"). Defendants respond that Enterprise's motion is untimely and the added claims will unfairly prejudice them. Defendants further assert that substantial discovery has been taken, the discovery deadline is close, and the addition of the new claims will further delay the litigation. Defendants claim that U-Haul filed applications for the eMove marks in July 2004 and Enterprise has filed two separate amended complaints since the filing of Enterprise's opposition to defendants' applications, but did not include those marks in the amended compliants. Enterprise replies that it could not include the two trademark claims in prior complaints because its opposition to the registration of the eMove marks was not filed until March 3, 2006, and pursuant to 15 U.S.C. § 1063, the opposition could not be filed before publication of the marks by the PTO. Enterprise asserts that adding these claims to its complaint before that time would have been premature.

2

The Court finds that the further amendment of pleadings at this time would unfairly prejudice defendants in this action and the motion for leave to amend was filed with undue delay. Enterprise has filed four complaints and was ordered by the Court to file an amended complaint once after granting defendants' motion for more definite statement.[1] The deadline for amendment of pleadings was February 6, 2006. The Case Management Order has been amended numerous times in this action. See Docs. 64, 81, 110, 125, and 162. The Court has granted countless motions for extensions of time and heard many discovery motions during the past two years of this litigation. Discovery is almost complete in this action. The parties' dispositive motion deadline is September 11, 2006, and will not be changed for any reason. The trial date is January 8, 2007. Enterprise has not given a sufficient reason why it did not seek leave to add these claims to the complaint immediately after filing its opposition with the PTO in March 2006. It is inconceivable that Enterprise just realized in June that these additional marks are "central to this litigation." This case cannot be delayed any longer and defendants would suffer undue prejudice by allowing the filing of a fifth amended complaint, as it would necessitate additional discovery. Therefore, plaintiff's motion for leave to add claims to its complaint regarding additional marks will be denied.

Second, Enterprise seeks to add a federal dilution claim to the fifth amended complaint. Enterprise asserts that the additional federal dilution claim serves as an alternative legal basis for recovery. The Court notes that a federal dilution claim was included in Enterprise's original complaint, First Amended Complaint, and Second Amended Complaint. The federal dilution claim was not included in the Third Amended Complaint filed on February 3, 2006, or the Fourth Amended

---

[1] Enterprise's original complaint was filed on October 15, 2003. The first amended complaint was filed on February 10, 2004. Enterprise filed a second amended complaint on July 22, 2004. Enterprise filed a third amended complaint on February 3, 2006. The Court ordered Enterprise to file a fourth amended complaint on May 4, 2006, after granting of defendants' motion for a more definite statement. The fourth amended complaint was filed on May 15, 2006.

Complaint. Defendants contend that significant discovery has taken place and the discovery deadline is close, thereby prejudicing defendants' ability to defend the claim. Further, defendants state that the addition of the once-abandoned federal dilution claims adds distinct legal and factual issues into this case not present under the state law claims because federal dilution requires a finding of actual dilution. Defendants also state adding the federal dilution claim would be futile, because Enterprise's experts have opined only on the likelihood of dilution, not actual dilution. Enterprise responds that it will not amend its expert reports and its evidence supports the federal anti-dilution claim.

The Court also will not allow Enterprise to amend its pleading to plead a federal dilution claim. Plaintiff had a federal dilution claim in the original, first, and second amended complaints. At the time Enterprise requested leave to file its Third Amended Complaint, Enterprise stated, as it does now, that it was seeking leave to conform the complaint to the evidence. At the same time Enterprise also asserted that the factual basis and legal theory remained the same and that it wanted to assert dilution under state law instead of federal law. The Court allowed Enterprise to amend its complaint at that time. Now, Enterprise seeks to again assert a federal dilution claim. The Court will not permit Enterprise to re-assert a claim that it sought to dismiss earlier because it would cause undue prejudice to defendants at this late stage in the proceedings and after the deadline for amendment of pleadings has passed, as the federal claim presents legal and factual issues distinct from the state dilution claim.

If Enterprise wanted to assert alternative theories of recovery under state and federal dilution law, it should have added the state law dilution claim when filing its Third Amended Complaint. It is inefficient and abusive to allow multiple amendments to pleadings every time a party changes its mind about the legal theories it wishes to pursue. Therefore, the Court will deny Enterprise's motion for leave to file a fifth amended complaint in its entirety.

## II. Motion to Strike Defendants' Fraud Affirmative Defenses

### A. Standard

Motions to strike are properly directed only to pleadings. 2 James W. Moore, et al., Moore's Federal Practice §12.37[2] (3rd ed. 2005). Motions to strike are not favored and are infrequently granted, because they propose a drastic remedy. Stanbury Law Firm v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000). Nonetheless, resolution of such a motion lies within the broad discretion of the Court. Id.

### B. Discussion

Enterprise asserts that paragraph 76 of U-Haul's and eMove's separate answers should be stricken for failure to plead fraud with the requisite specificity of Federal Rule of Civil Procedure 9(b). Enterprise contends that in this paragraph, the defendants speculate without any support that Enterprise committed fraud on the trademark office. Defendants assert that their fraud affirmative defenses comply with Federal Rules of Civil Procedure 8 and 9.

Federal Rule of Civil Procedure 9(b) requires that all averments of fraud be stated with particularity. The requirements for particularity in Rule 9(b) must be interpreted "in harmony with the principles of notice pleading." Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001). "The special nature of fraud does not necessitate anything other than notice of the claim; it simply necessitates a higher degree of notice, enabling the [opposing party] to respond specifically, at an early stage of the case, to potentially damaging allegations. . . ." Id. "The claim must identify who, what, where, when, and how." United States ex rel. Costner v. United States, 317 F.3d 883, 888 (8th Cir. 2003).

The paragraph at issue, paragraph 76 states in part:

The Complaint is barred, in whole or in part, because of fraud on the

>Trademark Office by the Plaintiff, in at least the following manner, based upon information and belief:
>
>(a) Plaintiff misrepresented in a declaration made on or about October 1, 1990, connection [sic] with its application for registration for "E" in block letters, namely Application No. 74/101749, filed with the United States Patent and Trademark Office on or about October 1, 1990, that no other person, firm, corporation, or association has the right to use "E" in commerce either in an identical form thereof or in such near resemblance thereto as to be likely, when used in connection with automobile fleet management services of such other person, to cause confusion, or cause mistake, or to deceive, given Plaintiff's contention that any use of "E" as the initial letter of a word used in connection with such services is likely to cause mistake or confusion with Plaintiff's "E";

(Answer to Fourth Am. Compl. and Countercl. ¶ 76(a)). The remaining sub-paragraphs at issue in paragraph 76 are similar, but instead of relating to automobile fleet management, the paragraphs refer to telephone installation and repair services, automobile repair services, retail outlet services in the field of telephones, telephone leasing services, short-term automobile rental services, automobile leasing services, automobile dealership services, and short-term truck rental services. See Answer to Fourth Am. Compl. and Countercl. ¶ 76(b)-(i). The paragraphs are identical in both U-Haul and e-Move's answers to the Fourth Amended Complaint. See Docs. 126 and 127.

The Court has reviewed the affirmative defenses contained in defendants' answers to plaintiffs' Fourth Amended Complaint. Defendants have sufficiently plead their affirmative defenses in compliance with Rule 9(b)'s pleading requirements for fraud averments. Therefore, the Court will deny Enterprise's motion to strike defendants' fraud affirmative defenses.

The Court will also deny Enterprise's alternative motion for more definite statement. A motion for more definite statement may be granted if a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). "Rule 12(e)'s standard is plainly designed to strike at unintelligibility rather than lack of detail." James W. Moore, et al., 2 Moore's Federal Practice, § 12.36 (3d ed. 2005). In light of the liberal discovery available under the federal rules, motions to make more definite and certain are disfavored. See e.g., Thrasher v. Missouri State Highway Comm'n, 534 F. Supp. 103, 106 (E.D. Mo. 1981), aff'd without opinion, 691 F.2d 504 (8th Cir. 1982), cert. denied, 460 U.S. 1043 (1983). The averments in defendants' affirmative defenses are not vague or ambiguous and the Court believes that Enterprise can ascertain the allegations contained therein. Therefore, the Court will deny Enterprise's alternative motion to strike defendants' fraud affirmative defenses as plead in paragraph 76 of their respective answers.

### III. Conclusion

For the foregoing reasons, the Court will deny plaintiff's motion for leave to file a fifth amended complaint and motion to strike defendants' fraud affirmative defenses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a fifth amended complaint is **DENIED**. [Doc. 128]

**IT IS FURTHER ORDERED** that plaintiff's motion to strike defendants' fraud affirmative defenses or in the alternative for a more definite statement is **DENIED**. [Doc. 134]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>17th</u> day of August, 2006.